# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARADIGM SOLUTIONS GROUP, INC.,<br><br>                 Plaintiff,<br>vs.<br><br>SHANGHAI PRECISION TECHNOLOGY CORPORATION; LYDIA LAI, and DOES 1–50,<br><br>                 Defendants. | CASE No. 15-CV-539 JLS (JLB)<br><br>**ORDER (1) REMANDING TO SAN DIEGO COUNTY SUPERIOR COURT AND (2) DENYING MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>(ECF No. 5) |

Presently before the Court is Plaintiff Paradigm Solutions Group, Inc.'s ("Paradigm") Motion to Remand to State Court and for Attorneys' Fees and Costs. (Mot. Remand, ECF No. 5.) Also before the Court is Defendant Shanghai Precision Technology Corporation's ("SPTC") Response, (Response, ECF No. 9), and Paradigm's Reply, (Reply, ECF No. 10), to the Motion.

The motion hearing scheduled for April 30, 2015 was vacated and the matter taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having considered the Parties' arguments and the law, the Court **GRANTS** Plaintiff's Motion to Remand, **REMANDS** the case to the San Diego County Superior Court, and **DENIES** Plaintiff's Motion for Attorneys' Fees.

**BACKGROUND**

Paradigm is a California Corporation based in San Diego. (Mot. Remand 6, ECF No. 5-1.) SPTC is a Chinese Corporation engaged in the business of manufacturing golf clubs. (*Id.*) The Parties entered into a written contract, whereby Paradigm agreed to act as SPTC's Chief Operating Officer for a term of seven years. (*Id.*) Paradigm alleges that in 2013, SPTC failed to pay Paradigm as provided in the contract and maintains that it is entitled to approximately $1 Million in damages. (*Id.* at 4.)

The Parties' contract contained a Binding Arbitration clause as well as a Governing Law/Choice of Venue clause. (Beal Decl. 9, ECF No. 5-2.) These provisions read as follows:

> 16. **Binding Arbitration.** It is the intent of the parties that all disputes controversies and claims between Contractor and Company concerning, relating to, stemming from or arising from this Agreement shall be fully, completely and finally resolve[d] by binding arbitration between them.
>
> 17. **Governing Law; Choice of Venue.** The laws of the State of California shall govern the validity of this Agreement, the construction of its terms, and the interpretation of the rights and duties of the parties hereto. The parties her[e]by irrevocably consent to the exclusive jurisdiction of, and agree that any legal action initiated under this Agreement shall be brought only in, the state court system of the State of California for all purposes in connection with any action or proceeding which arises out of or relates in any manner to this Agreement. The parties further agree that the County of San Diego shall be the proper venue for any legal action brought to enforce or interpret the terms of this Agreement.

(*Id.*)

In December 2013, Paradigm filed an action in the San Diego County Superior Court. (Not. of Removal, ECF No. 1-2, 1-3.) Paradigm moved the superior court to appoint a neutral arbitrator and also requested that the court issue a right to attach order

and writ of attachment or, in the alternative, a temporary protective order.[1] (*Id.*) SPTC did not oppose those motions, but rather filed a Notice of Removal one day before the Superior Court hearing. (Not. Of Removal, ECF No. 1.) The Notice of Removal states that removal is appropriate under 9 U.S.C. § 205, and 28 U.S.C. §§ 1441 and 1446, and that this Court has jurisdiction based on the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*; the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 203; and 28 U.S.C. § 1331. (*Id.*)

Paradigm argues that SPTC had no basis for removing the case and now moves the Court to remand this proceeding to the San Diego County Superior Court pursuant to 28 U.S.C. § 1447(c). (Mot. Remand 5, ECF No. 5-1.) In addition, Paradigm asks the Court to award it reasonable attorneys' fees and costs incurred in bringing this motion. (*Id.*)

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C. §1441(a). The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

When removal is based on the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), there is a strong preference for a

---

[1] At that time, Paradigm contends that Callaway - a third party - owed SPTC $5 Million in receivables, which comprised virtually all assets SPTC held in California and the United States. (Mot. Remand 7, ECF No. 5-1.) Judge Lisa Schall issued a protective order directing SPTC to deposit the first $1 Million of the Callaway receivables into a segregated account within California. (*Id.*) The Notice of Removal deprived that court of jurisdiction and the protective order has since expired.

federal forum. 9 U.S.C. § 205; *Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 158 (3d Cir. 2000). However, a party can waive its right of removal by agreeing to a contractual clause that gives a clear and unequivocal waiver of that right. *Ensco Intern., Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 443–44, 448 (5th Cir. 2009). One way to do so is by agreeing to a forum selection clause that designates an exclusive venue. (*Id.*) In order for the clause to be mandatory rather than permissive, it "must contain language that clearly designates a forum as the exclusive one." *N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995).

Enforcement of such a forum selection clause is a proper basis for remand. *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275, 280 (9th Cir. 1984); *Comerica Bank v. Whitehall Specialties, Inc.*, 352 F. Supp. 2d 1077, 1080 (C.D. Cal. 2004). And absent evidence of "fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court," such a clause should be enforced. *Pelleport*, 741 F.2d at 280; *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) (forum clause should be enforced unless unreasonable or unjust or invalid based on fraud or overreaching).

## DISCUSSION

Paradigm contends that the Removal was defective in light of the mandatory forum selection clause. SPTC contends that it has good cause to remove the case to this Court, and that the Parties' contract did not waive its right to do so.

**1.  Remand**

Paradigm argues that this case must be remanded because the contract "clearly and unequivocally requires the parties to litigate any legal action brought to enforce or interpret the contract in San Diego County Superior Court." (Mot. Remand 11, ECF No. 5-1.) By entering into this valid, binding, and enforceable contract, SPTC waived its right to remove any state court litigation to federal court. (*Id.* at 14.) Further, SPTC

cannot show that enforcement of the clause would be unreasonable or unjust. (*Id.*) Accordingly, Paradigm asks this Court to enforce the clause and to Remand the matter back to the San Diego County Superior Court. (*Id.* at 13.)

SPTC argues that it did not "clearly and unambiguously" waive its right to removal for three reasons. (Response 5–7, ECF No. 9.) First, SPTC argues that the contract did not designate an exclusive forum because there were two "exclusive forums"—arbitration and San Diego County Superior Court. (*Id.* at 8.) Because of this ambiguity, SPTC argues that the Court should find that it did not waive its rights of removal. (*Id.* citing *McDermott Int'l v. Lloyds Underwriters of London*, 944 F.2d 1199, 1205 (5th Cir. 1991).) Second, given the ambiguity, SPTC argues that the Court should consider whether SPTC intended to waive its right to removal. (Response 9, ECF No. 9.) SPTC contends that it did not intend to do so because that aspect of the contract was not negotiated and it did not know there were dual court systems in the United States. (*Id.*) Third, SPTC argues that the contract would only stand for the proposition that "all legal action must be 'initiated' in state court." (*Id.* at 10.) Accordingly, as long as a case was initiated in state court, as it was here, the contract would not bar a defendant from subsequently removing a case. (*Id.* citing *Green v. Moore*, 2006 U.S. Dist. LEXIS 38124 (W.D. Wash, June 9, 2006).)

Paradigm responds that there is no ambiguity due to contradiction or conflict between the two clauses. (Reply 3, ECF No. 10.) First, arbitration is not a "legal action." (*Id.*) Next, when read in conjunction with the mandatory arbitration clause, the forum selection clause is an agreement to jurisdiction and venue for disputes that cannot be arbitrated, such as a petition to compel arbitration, appoint an arbitrator, or enforce an arbitration award. (*Id.* at 4.) In addition, Paradigm argues that SPTC's misunderstanding about the dual court systems in the United States is not sufficient to render the clause unjust or unreasonable and that misunderstanding is not a defense to enforcing the terms of the contract. (*Id.* at 8.) Lastly, Paradigm argues that SPTC's argument regarding "initiating" the suit is flawed because the contract contained

1  "exclusive" language and *Green* has been specifically distinguished by California
2  courts. (*Id.* at 7, comparing *Green*, 2006 U.S. Dist. LEXIS 38124 with *Guenther v.*
3  *Crosscheck, Inc.*, 2009 U.S. Dist. LEXIS 41470 at * 8–9 (N.D. Cal. April 30, 2009).)

4       The Court finds that remand is appropriate and that Plaintiff has adequately
5  shown SPTC "clearly and unequivocally" waived its right of removal. Under the terms
6  of the contract, any legal action must take place in the state court system in San Diego
7  County. This clause is mandatory because the contract clearly designated "exclusive
8  jurisdiction" and stated that any legal action "shall be brought only in, the State Court
9  System of California," with venue in San Diego County. There is no evidence that the
10 clause was unreasonable or based on fraud or overreaching. Further, the Court does
11 not find any ambiguity in the underlying contract that would justify finding that SPTC
12 did not waive its right to removal. The Mandatory Arbitration clause and the Choice
13 of Venue clause are complimentary and the Court finds no contradiction between
14 mandating arbitration and also designating a judicial forum should the case need to go
15 before a court. In addition, even if SPTC did not understand the difference between the
16 United States' state and federal court systems, this is not sufficient to defeat the terms
17 of the agreement or render the agreement unreasonable or unjust.[2] Lastly, the Court
18 disagrees with SPTC's interpretation of the contract, which would only require a case
19 be "initiated" in state court. This is contrary to a plain reading of the contract which
20 states that the "exclusive jurisdiction" shall be in the state court system in the County
21 of San Diego.

22       Accordingly, the Court hereby **REMANDS** this case to the San Diego County
23 Superior Court for all further proceedings.

---

[2] It is unclear whether SPTC and Lydia Lai had the assistance of legal counsel based on discrepancies between emails and Ms. Lai's declaration, but it seems likely that counsel was involved. (*See* Lai Decl. 2, ECF No. 9-1; Supp. Beal Decl. 6–7, ECF No. 10-2.)

### 2. Attorneys' Fees and Costs

In addition, Paradigm asks this Court to award it "all attorneys' fees and costs incurred in bringing this motion because [SPTC] had no basis, whatsoever, to remove this case to Federal Court." (Mot. Remand 14, ECF No. 5-1.)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of attorney's fees pursuant to section 1447(c) is within the discretion of the district court, bad faith need not be demonstrated, and the district court retains jurisdiction after remand to entertain Plaintiff's motion for attorney's fees. *Moore v. Permanente Medical Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992). Courts may award attorney's fees where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). However, "when an objectively reasonable basis exists, fees should be denied." *Id.*

Paradigm argues that SPTC had no basis for removal because the forum selection clause is clear, unambiguous, and reasonable, and the contract was negotiated at arms-length by sophisticated parties. (Mot. Remand 15, ECF No. 5-1.) Further, Paradigm argues that SPTC only utilized the procedure to further delay proceedings, increase unnecessary expense, and garner a tactical advantage. (*Id.*) Accordingly, Paradigm contends that SPTC should be required to pay all of Paradigm's attorneys' fees and costs incurred in bringing this motion and otherwise opposing SPTC's improper and bad-faith attempt to remove this case to federal court.[3] (*Id.* at 15–16.) SPTC argues that it had an objectively reasonable basis for seeking removal and that it would be inappropriate to award Paradigm attorneys' fees and costs should the Court grant Paradigm's Motion for Remand. (Response 10–11, ECF No. 9.)

---

[3] To date, Paradigm has incurred over $27,000 in attorney's fees and costs in connection with this motion, and it offers to provide an updated and detailed calculation at the Court's request. (Supp. Miller Decl. 4, ECF No. 10-1.)

In its discretion, the Court finds that an award for attorney's fees and costs is inappropriate. Although the Court ultimately agrees with Paradigm that removal was improper, SPTC's arguments for removal provided a weak, but reasonable, basis for its actions. Accordingly, the Court **DENIES** Paradigm's request for an award of attorneys' fees and costs.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand. The Court **HEREBY REMANDS** this action to the San Diego County Superior Court. However, the Court **DENIES** Plaintiff's Motion for Attorneys' Fees.

**IT IS SO ORDERED**.

DATED: June 1, 2015

Honorable Janis L. Sammartino
United States District Judge